IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


UNITED STATES OF AMERICA                                    PLAINTIFF


VS.                                            C.A. No. 1:06cv620LG-JMR



JIM HOOD, MISSISSIPPI STATE
ATTORNEY GENERAL, CONO CARANA,
DISTRICT ATTORNEY FOR HANCOCK,
HARRISON AND STONE COUNTIES,
HANCOCK COUNTY, MISSISSIPPI,
THE CITY OF PICAYUNE, MISSISSIPPI,
EDWARD J. BOUCHARD AND SOUTHERN
LAND & CATTLE CO.                                          DEFENDANTS


## JUDGMENT CONFIRMING TITLE

This matter is before the Court on the Complaint filed by the plaintiff, United States of America. The Court, being fully advised finds as follows:

I.

This is a civil action brought by the United States of America as Plaintiff, on behalf of its agency the National Aeronautics and Space Administration (NASA) and United States Army Corps of Engineers, and this Court has jurisdiction by virtue of Title 28 U.S.C. §1345.

II.

The defendants to the action are as follows:

1. Jim Hood, Mississippi State Attorney General - On August 8, 2006 this defendant answered the complaint on behalf of the State of Mississippi and the defendant Cono Carana, District Attorney for Hancock, Harrison, and Stone County, Mississippi, stating that the State of Mississippi and the District Attorney assert no interest in the subject property [Document No. 6].

2. Hancock County, Mississippi  - On July 7, 2006, this defendant answered the complaint stating that it asserts interest to the subject property [Document No. 3].

3.  The City of Picayune, Mississippi - On February 21, 2007, this defendant answered the complaint stating that it did not assert an interest in the subject property [Document No. 20-1].

4.  Edward J. Bouchard - On November 30, 2006, the Court entered a Default Judgment as to the property known as Tract 2443 against this defendant that confirmed the subject property to the United States and ordered that the fee simple ownership of the property by the United States is superior to any claims of Edward J. Bouchard [Document No. 16].

5. Southern Land & Cattle Co. -  On October 27, 2006, this defendant answered the complaint stating that it asserts no interest to the subject property [Document No. 12].

6.  Any and all persons or entities claiming any legal or equitable interest in the land hereafter described, all of whom are not to be found in the State of Mississippi after diligent search and inquiry by agents of the plaintiff and whose names, identities, post office addresses, and street addresses are unknown to the plaintiff, its officers, and agents and which cannot be ascertained after diligent search and inquiry by agents of the plaintiff.  Process by publication was issued any and all persons or entities claiming any interest in the subject property.  The proofs of publication are on file in the records of this cause [Document Numbers 18 and 19].  No answer or other appearance has been filed.

III.

The United States owns in fee simple and is entitled to possess real property situated in Hancock County, Mississippi, which is described as follows:

**Tract 2560.**

All that tract or parcel of land lying and being in Section 12, Township 7 South, Range 17 West, St. Stephens Meridian, Hancock County, Mississippi and more particularly described as follows:

Beginning at a point which is 1980 feet, more or less, South of the North line and 437.50 feet, more or less, East of the West line of said Section 12, at a corner of a tract of land now or formerly owned by Clarence J. Decker, et ux and on the boundary of a tract of land now or formally owned by Georgia Industrial Realty Company; thence East along the boundary of said Realty Company tract 813.50 feet, more or less, to a corner of said Realty Company tract; thence Southeasterly along the boundary of said Realty Company tract, 107.30 feet, more or less, to a corner of said Realty Company tract; thence South along the boundary

2

of said Realty Company tract, 577.30 feet, more or less, to a point which is at a corner of said Realty Company tract and at a corner of a tract of land now or formerly owned by Henry J. Frierson, et al; thence West along the boundary of said Henry J. Frierson, et al tract and subsequently along the boundary of a tract of land now or formerly owned by Harlon J. Frierson, et al, 882.50 feet, more or less, to a point which is at a corner of said Decker, et ux, tract and on the boundary of said Harlon J. Frierson, et al tract; thence North along the boundary of said Decker, et ux tract, 660 feet, more or less, to the point of beginning;

Containing 13.25 acres, more or less, and being a part of the same land described in a Quitclaim Deed to Virgil Givens Parker from Pascal Caruso dated 3 May 1949 and recorded in Deed Book H-O, page 299 of the records in the office of the Chancery Clerk of Hancock County, Mississippi and designated as Tract 2560 of the Mississippi Test Facility.

**Tract 2443.**

All that tract or parcel of land lying and being in Fractional Section 8, Township 7 South, Range 17 West, St. Stephens Meridian, Hancock County, Mississippi and more particularly described as follows:

Beginning at a point which is on the North line and 719.40 feet, more or less, West of the Northeast corner of said Section 8 and at a corner of a tract of land now or formerly owned by Clayton Stewart; thence South along the boundary of said Stewart tract 1320 feet, more or less, to a point which is at a corner of said Stewart tract and on the boundary of a tract of land now or formerly owned by Laura Mae Bond; thence West along the boundary of said Bond tract 417.78 feet, more or less, to a corner of a tract of land now or formerly owned by Robert L. Meador; thence North along the boundary of said Meador tract 1320 feet, more or less, to a point which is on the North line of said Section, at a corner of said Meador tract and on the boundary of a tract of land now or formally owned by Hubert Thigpen; thence East along the North line of said Section, which is along the boundary of said Thigpen tract 417.78 feet, more or less, to the point of beginning:

Containing 12.66 acres, more or less, and being substantially the same land described in a deed to Hubert Thigpen and Estelle Kellar Thigpen from Mrs. Samantha B. Kellar, dated 18 September 1958 and recorded in Deed Book N-8, page 447 of the records of the Office of the Chancery Clerk of Hancock County, Mississippi and designated as Tract 2443 of the Mississippi Test Facility.

The above tracts of real property are located within the boundaries of the NASA, John Stennis Space Center, Hancock County, Mississippi.  This facility is used for rocket engine and rocket systems testing.  The United States Army Corps of Engineers serves as NASA's land management agent at the Space Center.

3

IV.

Hurricane Katrina has limited access to and destroyed certain instruments in the chains of title to the two above described tracts.  Accordingly, the United States' title to the subject property is deraigned as detailed and as thoroughly as possible as follows:

**Tract 2560 - S12, T7S, R17W - 13.25A (Purchased by U.S.)**

This tract was purchased by the United States of America from Virgil Givens Parker and wife, Ave Lee Craft Parker, on May 8, 1964.  The conveyance was by Warranty Deed, and the deed was recorded in the Hancock County Chancery Clerk's Office on May 8, 1964, in Deed Book Q-6, Page 63.

The 1964 taxes were assessed to the Parkers. The property was sold by Hancock County to William E. Ellis on September 20, 1965 for unpaid 1964 county taxes.  A Chancery Clerk's Conveyance was provided to Mr. Ellis on August 9, 1969, and recorded in the Hancock County Chancery Clerk's Office on August 9, 1969, in Deed Book V-1, Page 494.

On August 31, 1992, the City of Picayune sold this property to the City of Picayune for unpaid 1989 school district taxes.  A City Tax Collector's Deed was provided to the City on August 31, 1992, and record in the Hancock County Chancery Clerk's Office on February 10, 1993, in Deed Book BB84, Page 131.

This tract bears parcel No. 091-0-12-009.000, and is assessed to the City of Picayune.

In summary, after being purchased by the U.S. in 1964, the property was sold at tax sales in 1965 for unpaid county taxes and in 1992 for unpaid school district taxes.  It is apparent that this tract continued to be assessed to the Parkers, resulting in the initial tax sale.

**Tract 2443 - S8, T7S, R17W - 12.66A (Condemned by U.S.)**

This tract, part of what is known as the John Shave Claim, was acquire by the U.S. in fee simple title through eminent domain proceedings, from Hubert Thigpen and Estelle Kellar Thigpen, on March 10, 1964.  The conveyance was by Judgment on Declaration of Taking, and

the judgment was recorded in the Hancock County Chancery Clerk's Office on May 18, 1964, in Deed Book Q-3, page 454.

As with the above tract, it appears title transfer to the U.S. was not placed on the tax assessment rolls, and subsequent tax sales and conveyances ensued.  However, both City and County tax sales have resulted in two separate chains of title.  This tract bears parcel No. 096-0-08-001.000, and is assessed to T. Mitchell Kalom, et al.

**City Chain of Title**

In 1993, exact date unavailable, the City of Picayune sold this property to the City of Picayune for unpaid 1992 school district taxes.  A City of Tax Collector's Deed was provided to the City on August 30, 1995, and recorded in the Hancock County Chancery Clerk's Office on October 16, 1995, in Deed Book BB127, Page 523.

In 1994, exact date unavailable, the City of Picayune sold this property to the City of Picayune for unpaid 1993 school district taxes.  A City Tax Collector's Deed was provided to the City on August 29, 1996, and recorded in the Hancock County Chancery Clerk's Office on December 9, 1996, in Deed Book BB146, Page 3365.

On August 28, 1995, the City of Picayune sold this property to the City of Picayune for unpaid 1994 school district taxes.  A City Tax Collector's Deed was provided to the City on August 28, 1997, and recorded in Hancock County Chancery Clerk's Office on April 30, 1998, in Deed Book BB170, Page 304.  This deed noted that the property was assessed to "International Paper Co. et al."

In 1996, exact date unavailable, the City of Picayune sold this property to the City of Picayune for unpaid 1995 school district taxes.  A City Tax collector's Deed was provided to the City on August 26, 1998, and recorded in the Hancock County Chancery Clerk's Office on September 7, 1998, in Deed Book BB180, Page 707.

On July 5, 2000, the City of Picayune sold this property to Southern Land & Cattle Co. The conveyance was by Quitclaim Deed, and the deed was recorded in the Hancock County

Chancery Clerk's Office on Jul 11, 2000, in Deed Book BB211, page 542.  Of interest, the deed refers to interest acquired by the city by virtue of 1993, 1994, 1995 and 1996 city tax sales, for delinquent 1992, 1993, 1994 and 1995 taxes.

From the above City tax sales to itself, the City conveyed to Southern Land & Cattle Co. In 2000, who currently claims an interest in this property.

### County Chain of Title

On August 31, 1993, the tract was sold by Hancock County to "Warman James/Ned Majors Agent" for unpaid 1992 county taxes.  A Chancery Clerk's Conveyance was provided to "Warman James/Ned Majors Agent" on August 29, 1996, and recorded in the Hancock County Chancery Clerk's office on August 30, 1969, in Deed Book BB141, page 769.  Of interest, this deed noted that the property was assessed to "International Paper Co. et al."

On March 31, 2000, Dorothy C. Warman, Executrix of the Estate of James V. Warman, conveyed the property to American Public Realty, LLC.  The conveyance was by Quitclaim Deed and Assignment, and the deed was recorded in the Hancock County Chancery Clerk's Office on May 3, 2000, in Deed Book BB208, Page 376.

On December 31, 2001, American Public Realty, LLC, conveyed the property to T. Mitchell Kalom and Anna Kalom, as joint tenants.  The conveyance was by Quitclaim Deed, and the deed was recorded in the Hancock County Chancery Clerk's Office on May 14, 2002, in Deed Book BB244, page 585.

On August 11, 2004, T. Mitchell Kalom and Anna Kalom conveyed the property to Edward J. Bouchard.  The conveyance was by Quitclaim Deed and Assignment and the deed was recorded in Hancock County Chancery Clerk's Office on August 23, 2004, in Deed Book BB291, Page 12.

From the above County tax sale, the property has been through several conveyances, eventually to Edward J. Bouchard, who currently claims an interest in this property.

V.

The United States asserts that the tax sales and other conveyances and instruments described herein, other than those conveying title to the United States, are null and void because of the Supremacy Clause to the United States Constitution, Art. VI., cl. 2, and United States Supreme Court Cases arising under this clause.  These sales, conveyances, and instruments are also void by virtue of Mississippi Code Annotated §27-73-7.

VI.

The tax sales and other conveyances described herein, other than those conveying title to the United States, should be ordered to be stricken from the public records of the City of Picayune, Hancock County, Mississippi, and the State of Mississippi.

**ORDERED, ADJUDGED, AND DECREED** that the tax sales, conveyances, and other instruments complained of in the complaint are hereby declared to be null and void and they are hereby ordered to be stricken from city, county, and state records.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the title to the property described herein is hereby confirmed in the United States of America against all defendants, and it is hereby recognized by the Court that the United States owns the subject property in fee simple absolute.

**SO ORDERED AND ADJUDGED** this the 22nd day of February 2007.


s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge